MONTE B. LAKE
WENDEL V. HALL
CJ LAKE, LLC
525 Ninth Street, N.W., Suite 800
Washington, D.C. 20004
Phone:       (202) 465-3000
Facsimile:   (202) 347-3664

DOUGLAS S. MARFICE, ISB #4072
MICHAEL A. EALY, ISB #5619
RAMSDEN & LYONS, LLP
618 North 4th Street
P.O. Box 1336
Coeur d'Alene, ID 83816-1336
Telephone:   (208) 664-5818
Facsimile:   (208) 664-5884

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ALPHA SERVICES, LLC, an Idaho Limited Liability Company and ROBERT ZAHARIE,<br><br>Plaintiffs,<br><br>vs.<br><br>THOMAS PEREZ, U.S. SECRETARY OF LABOR, in his official capacity, UNITED STATES DEPARTMENT OF LABOR ADMINISTRATIVE REVIEW BOARD, in its official capacity, LAURA FORTMAN, Principal Deputy Wage and Hour Administrator, in her official capacity,<br><br>Defendants. | CASE NO.<br><br>COMPLAINT |

## I. INTRODUCTION

1. This Complaint asks this Court to vacate a decision of Administrative Review Board ("ARB") of Defendant United States Department of Labor ("DOL"). The ARB held that Plaintiff Alpha Services, LLC ("Alpha") violated the Migrant and Seasonal Agricultural Worker

COMPLAINT - 1

Protection Act, 29 U.S.C. § 1800 *et seq.*, ("MSPA") because Alpha attached a trailer to its crew carriers. This decision was arbitrary or capricious and otherwise in violation of law. The Court should vacate the ARB's decision and declare that Alpha did not violate MSPA as DOL alleged.

## II. PARTIES AND JURISDICTION

2. Plaintiff Alpha Services, LLC ("Alpha Services") is a forestry services company based on Coeur d'Alene, Idaho and is currently working in 13 states: Alaska, Montana, Idaho, Washington, Oregon, Texas, Louisiana, Mississippi, Arkansas, Alabama, Georgia, North Carolina, and Virginia. It was founded in mid-2001 and provides a wide range of services to its customers. It invests a great deal of effort into regulatory compliance and maintaining a culture of compliance among its staff and a reputation for compliance among others. Alpha Services therefore takes any suggestion that it did not comply with the law very seriously. Alpha Services' principal place of business is in Coeur d'Alene, Idaho.

3. Plaintiff Robert Zaharie is an individual and a member of Alpha Services, LLC. Zaharie resides in Hayden, Idaho.

4. Defendant Thomas Perez is the Secretary of Labor. Defendant Perez is sued in his official capacity only.

5. Defendant Administrative Review Board ("ARB") is a duly constituted board existing within the United States Department of Labor. Defendant Perez has delegated his authority as Secretary of Labor to decide the issue under review to the ARB. Defendant ARB, as well as its constituent members, are sued in their official capacities only.

6. Defendant Laura A. Fortman is the Principal Deputy Administrator of United States Department of Labor's Wage and Hour Division ("WHD"). The WHD is the subagency within the United States Department of Labor that enforces MSPA. Defendant Fortman is sued in her official capacity only.

7. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 because the causes of action herein arise under federal law.

8. Venue is proper in this District under 28 U.S.C. § 1391(e) because Plaintiff Zaharie resides in this District and Alpha's principal place of business is in this District.

### III. STATUTORY AND REGULATORY BACKGROUND

9. The Migrant and Seasonal Agricultural Worker Protection Act, 29 U.S.C. § 1801 *et seq.*, regulates certain activities of farm labor contractors and agricultural employers. Congress intended MSPA to remedy certain flaws that it perceived as existing in a predecessor statute concerning the same subject, the Farm Labor Contractor Registration Act ("FLCRA"). Congress' focus in MSPA, as in the FLCRA before it, was improving conditions in crop agriculture.

10. Congress granted the Department of Labor legislative rulemaking authority to implement MSPA according to Congress' intention. The Department of Labor issued legislative rules implementing MSPA in 1983. The Department of Labor also issued legislative rules implementing MSPA in 1996. The legislative rules issued in 1996 are not pertinent here.

11. At the beginning of its regulatory role under MSPA, the Department of Labor decided that Congress wanted MSPA to apply to traditional agriculture only and did not want MSPA to apply to commercial forestry.

12. However, two courts refused to defer to the Department of Labor's role as the interpreter of its own regulations and decided that MSPA applied to commercial forestry. In a split decision in *Bresgal v. Brock*, 843 F.2d 1163 (9th Cir. 1987), the Ninth Circuit affirmed a declaratory judgment that MSPA applied to commercial forestry. The Court of Appeals, however, left the Department of Labor to implement its ruling through notice and comment rulemaking or other means complying with the Administrative Procedure Act.

13. The Department of Labor has never imposed binding legal obligations under MSPA on commercial forestry operations through notice and comment rulemaking. Instead, the Department of Labor applies regulations that it acknowledges apply to only to traditional agriculture. The regulation at issue here, 29 C.F.R. § 500.105(b)(2)(ix), is one of those regulations.

### IV. BACKGROUND OF THE PRESENT DISPUTE

14. This dispute involves the safety of Alpha Services' crew carriers. WHD alleges that two of them were unsafe because Alpha Services attached trailers to them.

15. The crew cab vehicles are built to carry six people inside the cab. The installation of the crew carriers, adds up to nine more people in the carrier portion, so the cab plus the carrier increases crew carrying capability to fifteen people including the driver.

16. The installation includes sliding windows between the cabs for communication purposes as needed, a school bus type escape hatch on the top, seats and seat belts for up to nine passengers in the crew carrier; an added wind deflecting cone on the upper front that allows the men to store their lunches and other belongings. All carriers at present are bolted through the frame of the vehicle, making the attachment as strong as the cab portion. At the time of the audits a few of the carriers were installed with a chain down and turn buckle system.

17. All of the crew carriers used by Alpha are military communication shelters, built to carry soldiers in battle with radio equipment. They are double walled aluminum construction and insulated. These are stronger than the construction of a truck cab or van, affording superior safety for the passengers. There are tie down rings in the upper four corners of the crew carrier with information plates that say not to exceed 5000 pounds for each corner if picking up the unit by the rings.

18. The Secretary of Labor delegated his enforcement authority under MSPA to the Wage and Hour Division of the Department of Labor. The Wage and Hour Division ("WHD")

COMPLAINT - 4

conducts audits/investigations of employers to determine whether the employers are complying with applicable laws and regulations within WHD's jurisdiction.

19. In September 2007, the WHD began investigating Alpha Services. The investigation lasted until April 2010. At the end of the investigation, WHD issued a Notice of Determination alleging that Alpha Services violated three of its MSPA regulations. They were:

(a) An allegation that, out of approximately 29,800 paychecks issued during 2007-2010, four of them were unlawful under 29 C.F.R. § 500.80(d) because the paychecks contained the Alpha Services' Federal Employer Identification Number in the upper portion of the check, but not on the bottom.

(b) An allegation that Alpha Services' written disclosure to tree planters was unlawful because it set forth the wage the workers would be paid, but not the wages for work they would not be doing and for which they would not be paid.

(c) An allegation that Alpha Services twice attached a trailer to the Crew Carrier in which Alpha Services transported its employees to their worksites and that this was unsafe even though the crew carrier was specifically designed to transport people safely in the kinds of road and terrain conditions Alpha Services routinely encountered.

20. WHD found that Alpha Services paid all of its workers correctly and did not claim that Alpha Services owed back wages. Instead, WHD fined Alpha Services the sum of $1,700, indicating that the alleged violations were insignificant from WHD's perspective.

21. If sustained, WHD's crew carrier allegation posed a serious practical problem for Alpha Services. The trailer that Alpha Services attached to the crew carrier hauls needed safety, sanitation, and other equipment (including equipment required by MSPA). According to the Department of Labor, Alpha Services could attach the trailer to a regular bus, but a bus would have been vastly more dangerous than the much smaller crew carrier. Not attaching the trailer

COMPLAINT - 5

would mean that Alpha Services would have had to invest substantial resources to purchase trucks to which it could attach the trailer and have the trucks follow the crew carriers.

22. Alpha Services timely sought administrative review of WHD's determination.

23. Alpha Services and WHD settled WHD's allegations relating to the four paychecks and the five written disclosures.

24. The Administrative Law Judge ruled that Alpha Services' use of the crew carriers did not violate DOL's regulations.

25. WHD then appealed this decision to DOL's Administrative Review Board ("ARB"). On December 12, 2013, a panel of the ARB reversed the ALJ decision.

26. The ARB's opinion relied heavily upon a non-binding guidance document – Wage & Hour Advisory Memorandum No. 2006-1, Guidance on MSPA Vehicle Safety Standards, at 4 (Mar. 1, 2006) ("Advisory Memorandum") – as the source of the binding legal norms controlling its decision. The legal norms in the Advisory Memorandum are not binding because they were not adopted in accordance with the procedures mandated by the Administrative Procedure Act.

27. The ARB did not rule that Alpha Services' crew carriers were in any way unsafe.

28. The ARB reinstated WHD's $800 fine for the two alleged uses of the crew carriers to tow safety, sanitation, and other equipment. There are no other administrative remedies available. Alpha Services has exhausted its administrative remedies.

29. The ARB's decision is the final order of the Secretary of Labor. The ARB's decision is final agency action as to Alpha Services' challenge to WHD's determination.

//

//

//

//

## V. CLAIMS

### Count I

### The ARB Decision Was Arbitrary and Capricious

### (5 U.S.C. § 706(2)(A))

30. Plaintiffs hereby re-allege and incorporate by reference the allegations of Paragraphs 1-29 of this Complaint.

31. The ARB Decision of December 12, 2013 is arbitrary or capricious and otherwise contrary to law and should be vacated because:

    (a) The decision improperly relieved WHD of its obligation to prove that "agricultural" workers were transported in the crew carriers; that those workers were either "migrant" or "seasonal"; and that the crew carriers were unsafe.

    (b) The decision improperly imposed, as binding legal norms, substantive standards originally articulated in an interpretive rule, without having imposed those legal norms through notice and comment rulemaking.

    (c) The decision applied legal standards adopted by the Department of Transportation to Alpha Services' crew carriers even through the Department of Transportation had previously exempted vehicles like Alpha Services' crew carriers from regulation in this context.

    (d) The decision is unsupported by substantial evidence and there is no rational connection between the ARB's conclusion that the crew carrier is a "truck" as originally designed and whether it is a "truck" when used to transport people with a trailer attached.

    (e) The decision is unsupported by substantial evidence because the record contains no evidence that Alpha Services' crew carriers became unsafe when the trailers containing safety, sanitation, and other equipment were attached.

    (f) The decision is otherwise arbitrary, capricious, and contrary to law.

COMPLAINT - 7

## Count II

## 29 C.F.R. § 500.105(b)(2)(ix) Is Substantively Unlawful

## When Applied To Commercial Forestry Operations

## (5 U.S.C. § 706(2)((D))

32. Plaintiffs hereby re-allege and incorporate by reference the allegations of Paragraphs 1-29 of this Complaint.

33. Alpha Services provides commercial forestry services.

34. In 1987, the Ninth Circuit affirmed a declaratory judgment that commercial forestry operations were covered by MSPA. The Ninth Circuit left to the Department of Labor the task of devising, promulgating, and implementing binding legal norms under MSPA for commercial forestry operations.

35. The Department of Labor has never, through notice and comment rulemaking or any other Administrative Procedure Act compliant method, devising, promulgating, and implementing binding legal norms under MSPA for commercial forestry operations.

36. The Department of Labor devised, promulgated, and implemented 29 C.F.R. § 500.105(b)(2)(ix) in 1983 for traditional crop agriculture. 29 C.F.R. § 500.105(b)(2)(ix) does not apply in commercial forestry.

37. The Department of Labor's interpretation of its ambiguous legislative rules to exclude commercial forestry from MSPA was and is correct. Courts are required to give controlling effect to that interpretation under the Administrative Procedure Act.

38. 29 C.F.R. § 500.105(b)(2)(ix) as applied to Alpha Services in this case is not a binding legal norm because it was not adopted in observance of procedure required by law.

//

//

## Count III

## 29 C.F.R. § 500.105(b)(2)(ix) Is Irrational As Applied In This Case

## (5 U.S.C. § 706(2)((A))

39. Plaintiffs hereby re-allege and incorporate by reference the allegations of Paragraphs 1-29 of this Complaint.

40. Under 29 C.F.R. § 500.105(b)(2)(ix), it would be lawful for Alpha Services to transport its workers to their worksites in a school or other type of bus.

41. Under 29 C.F.R. § 500.105(b)(2)(ix), it would be lawful for Alpha Services to transport its workers to their worksites in a school or other type of bus with a trailer attached.

42. Under 29 C.F.R. § 500.105(b)(2)(ix), it would be lawful for Alpha Services to transport its workers to their worksites in a crew carrier.

43. Under 29 C.F.R. § 500.105(b)(2)(ix), it would be unlawful for Alpha Services to transport its workers to their worksites in a crew carrier with a trailer attached.

44. Transportation of workers in a bus on the roads and in the conditions in which Alpha Services operates would be objectively more dangerous than transportation on the same road and in the same conditions in a crew carrier with a trailer.

45. There is no rational basis for deeming buses with a trailer to be safer than crew carriers with a trailer. 29 C.F.R. § 500.105(b)(2)(ix) is therefore invalid as arbitrary and capricious.

**WHEREFORE,** Plaintiffs pray that the Court:

46. Enjoin the Defendants (i) from implementing 29 C.F.R. § 500.105(b)(2)(ix) with respect to Plaintiffs; (ii) from demanding, requiring, assessing, or taking any action to collect a civil money penalty from Alpha Services for any alleged violations of 29 C.F.R. § 500.105(b)(2)(ix); or (iii) giving effect to the decision of the Administrative Review Board in *Administrator, Wage and Hour Division v. Alpha Services, LLC et al.,* ARB No. 12-070, ALJ No. 2011-MSP-3 (ARB Dec. 12, 2013);

COMPLAINT - 9

47. Enter a declaratory judgment as to Count I, that the final order of the Secretary in *Administrator, Wage and Hour Division v. Alpha Services, LLC et al.,* ARB No. 12-070, ALJ No. 2011-MSP-3 (ARB Dec. 12, 2013), is invalid and enter a permanent injunction to prohibit Defendants from implementing or enforcing it;

48. Enter a declaratory judgment as to Count II, that 29 C.F.R. 500.105(b)(2)(ix) is invalid and enter a permanent injunction to prohibit Defendants from implementing or enforcing it;

49. Enter a declaratory judgment as to Count III, that 29 C.F.R. § 500.105(b)(2)(ix) is invalid as applied and enter a permanent injunction to prohibit Defendants from implementing or enforcing it with respect to Alpha Services' crew carriers;

50. Award Plaintiffs their costs and expenses, including reasonable attorneys' fees, whether under the Equal Access to Justice Act or otherwise, and expert witness fees pursuant to 28 U.S.C. § 2412 and 5 U.S.C. 504; and

51. Award such further and additional relief as is just and proper.

DATED this 10 day of January 2014.

RAMSDEN & LYONS, LLP

By /s/ Michael A. Ealy
Michael A. Ealy, Of the Firm
Attorneys for Plaintiffs